**ZHEN YUE LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40874–ag.

United States Court of Appeals, Second Circuit.

May 15, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Robert C. Balfe, United States Attorney, Western District of Arkansas; Deborah J. Groom, First Assistant United States Attorney, Fort Smith, AR, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Yue Li, a native and citizen of the People's Republic of China, seeks review of an October 28, 2003 order of the BIA affirming the July 23, 2002 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Yue Li,* No. A 73 054 766 (B.I.A. Oct. 28, 2003), *aff'g* No. A A 73 054 766 (Immig. Ct. N.Y. City July 23, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See,*

*e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, the IJ properly found that Li failed to establish either that he had suffered past persecution or that he had a well-founded fear of persecution. Li testified that he distributed pamphlets on Christianity on more than ten occasions beginning around 1990. He stated that, in July 1992, government officials twice warned him and other church members to discontinue these activities, but that they ignored these warnings. In addition, Li testified that the village chief fined him 400 yuan in October 1992. He indicated that when he did not pay the fine, officials approached him every day to tell him to pay the fine, and that he eventually left China in February 1993. Under these circumstances, we find no error in the IJ's conclusion that Li failed to establish that his experiences amounted to past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *see also Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005); *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985).

Further, despite Li's argument that he would likely face harsher treatment, such as imprisonment, if he returns to China because he was previously targeted by the Chinese government, Li presented no evidence to this effect. Indeed, he did not claim that the authorities ever threatened him, sought to arrest or detain him, or mistreated him in any way other than to warn him against continuing his religious activities. Although Li testified that he had heard about other people in China having been jailed because of their religious practice, he was unable to identi-

fy any such individuals and stated only that he "believed" that people had been arrested in his village. In light of the absence of an evidence in the record that the authorities intended to penalize Li beyond imposing a fine, his fear of persecution is "speculative at best." *Cf Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

As such, substantial evidence supports the IJ's denial of Li's application for asylum. Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Li has failed to challenge the IJ's denial of his request for CAT relief before this Court, and because addressing this issue does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. We decline to consider Li's unexhausted argument that the IJ improperly found that there is no pattern or practice of religious persecution in China or that she took improper administrative notice of extra-record evidence. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (describing issue exhaustion as "mandatory").